## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ESSEX INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. CIV-11-823-R |
| | ) | |
| NEWTON WALL CO., INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff Essex Insurance Company's motion for summary judgment on its complaint for a declaratory judgment that there is no coverage for the claims asserted by William and Cary Hoffman relating to an incident in which Defendant Paul Bachhofer committed an assault and battery against William Hoffman on or about March 9, 2011. Doc. No. 48. The Hoffmans were Defendants herein but were dismissed with prejudice on July 20, 2012. *See* Doc. No. 52. In support of Plaintiff's motion, Plaintiff makes a host of arguments as to why its policy insuring Defendant Newton Wall Company, Inc. ("NWC") does not provide coverage for the incident in question, the last of which is that there is no coverage for Bachhofer because he is not an "insured" under the policy. That argument is predicated on "Section II - Who is An Insured" of the policy as well as on a number of undisputed facts concerning Defendant Bachhofer's relationship (or lack thereof) to Defendant NWC. *See* Plaintiff's Motion, Undisputed Facts at ¶¶ 37-61. Defendant NWC does not dispute any of these assertedly undisputed facts. *See* Defendant NWC's Response at p. 3. Moreover, while Defendant NWC makes arguments responsive to Plaintiff's

arguments that there is no coverage under the policy for Bachhofer's actions, it makes no argument responsive to Plaintiff's argument that there is no coverage because Defendant Bachhofer was not an "insured" because he was not an employee of Defendant NWC nor a leased worker.  And given Defendant NWC's failure to controvert Plaintiff's Undisputed Facts ¶ 37-61, essentially the very facts that Defendant NWC relied on in its motion for summary judgment [Doc. No. 49] on its cross-claim against the Hoffmans filed before the Hoffmans were dismissed herein in which Defendant NWC argued that NWC was not responsible for Bachhofer's actions because he was not an employee, agent or representative of NWC, Defendant NWC could not argue that Defendant Bachhofer was NWC's employee. Thus, the Court, based upon the Undisputed Facts ¶¶ 37-61 set out in Plaintiff's motion and Defendant NWC's failure to respond to Plaintiff's argument that there is no coverage under the policy for Bachhofer's actions because he was not an insured under the policy, GRANTS Plaintiff's motion for summary judgment and declares that there is no coverage under the policy for Bachhofer's actions and that Plaintiff has no duty to indemnify Defendant NWC under the policy.

Defendant NWC in response to Plaintiff's motion nevertheless argues that Plaintiff has or had a duty to defend Defendant NWC in the state court action brought by the Hoffmans against Defendant NWC because the Hoffmans alleged that Defendant NWC was negligent in the hiring, supervision or retention of Defendant Bachhofer and because "through discovery . . . it is clear that the Hoffmans *intended* to allege that NWC was negligent in the way it comprised and distributed the Referral List."  Defendant NWC's

2

Response at ¶ ¶ 12-13 (emphasis added).  But theories of negligent hiring, supervision and retention of Bachhofer were dependent on his status as an employee of Defendant NWC, and that status is not even arguable and has not been shown to have ever been arguable.  Indeed, Defendant NWC never made a demand to Plaintiff to defend it in the state court action. Rather, Plaintiff first learned of the suit at the time it participated in preparing the Joint Status Report and Discovery Plan [Doc. No. 35] in this case.  Although Plaintiff did tender a defense at the time under a reservation of rights, it is clear that Plaintiff knew at that time that Bachhofer was not an employee of Defendant NWC.  *See* Joint Status Report and Discovery Plan [Doc. No. 35] at I(A)(referring to "Bachhofer's independent status at the time of the incident) & I(B) (Defendant NWC's statement that "Paul Bachhofer was an independent contractor at all times at issue in this case.").  The duty to defend exists when an insurer ascertains facts from the petition, its insured and other sources available to the insurer when a defense is demanded that give rise to the potential of liability under the policy.  *See Honeywell v. GADA Builders, Inc.*, 271 P.3d 88, 97 n. 11 (Okla. Civ. App. 2012), *citing First Bank of Turley v. Fidelity & Deposit Insurance Co. of Maryland*, 928 P.2d 298, 303 (Okla. 1996).  If, as here, there is no possibility of recovery under the policy, there is no duty to defend.  *See id.*; *Mount Vernon Fire Insurance Co. v. Okmulgee, Inn Venture, LLC*, 451 Fed. Appx. 745, 748, 2011 WL 6095102 at *2 (10th Cir. Dec. 8, 2011)(No. 11-7036).  Moreover, the state court action brought by the Hoffmans has been settled, according to Defendant NWC, so what the Hoffmans intended to allege and never did is not relevant to Plaintiff's duty to defend.  Accordingly, Plaintiff had no duty to defend NWC in the state court action

brought by the Hoffmans.  In any event, whether Plaintiff had a duty to defend was not the subject of Plaintiff's declaratory judgment complaint and Defendant NWC did not file a counterclaim seeking declaratory relief as to Plaintiff's duty to defend.

In accordance with the foregoing, Plaintiff's motion for summary judgment is GRANTED [Doc. No. 48] and there is no coverage under Plaintiff's policy issued to Defendant NWC for the acts of Defendant Bachhofer on or about March 9, 2011.

IT IS SO ORDERED THIS 1 st day of August, 2012.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE